IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FOREST LABORATORIES, LLC, FOREST LABORATORIES HOLDINGS, LTD., ALLERGAN USA, INC., and ADAMAS PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX CORP. and APOTEX INC. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

Plaintiffs Forest Laboratories, LLC, Forest Laboratories Holdings, Ltd., Allergan USA, Inc., and Adamas Pharmaceuticals, Inc. (collectively, "Plaintiffs"), for their Complaint against Defendants Apotex Corp. and Apotex Inc. (collectively, "Defendants"), hereby allege as follows.

## **PARTIES**

1.      Plaintiff Forest Laboratories, LLC is a Delaware limited liability company having a principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

2.      Plaintiff Forest Laboratories Holdings, Ltd. is an Irish corporation having a principal place of business at Cumberland House, 1 Victoria Street, Hamilton HM11, Bermuda.

3.      Plaintiff Allergan USA, Inc. is a Delaware corporation having a principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054 (referred to herein, together with Forest Laboratories, LLC and Forest Laboratories Holdings, Ltd., as "Forest").

4.    Plaintiff Adamas Pharmaceuticals, Inc. ("Adamas") is a Delaware corporation having a principal place of business at 1900 Powell Street, Suite 750, Emeryville, California 94608.

5.    Upon information and belief, Defendant Apotex Corp. is a Delaware corporation having a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.  Upon information and belief, Defendant Apotex Corp. manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including as an agent of Apotex Inc.

6.    Upon information and belief, Defendant Apotex Inc. is a Canadian corporation having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L IT9. Upon information and belief, Defendant Apotex Inc. (referred to herein, together with Apotex Corp., as "Apotex") manufactures and/or distributes numerous generic drugs for sale and use throughout the United States, including in this judicial district, and including through its agent Apotex Corp.

7.    Upon information and belief, Notice Letters dated September 26 and 27, 2016 indicate that Kiran Krishnan, Senior Vice-President, Global Regulatory Affairs, at Apotex Corp. is the agent in the United States authorized to accept service of process for Apotex Inc. with respect to Abbreviated New Drug Application ("ANDA") No. 208512.

8.    Upon information and belief, Apotex Corp. is a wholly owned subsidiary and alter ego of Apotex Inc., and for purposes of this action, Apotex Corp. and Apotex Inc. are effectively the same entity.

2

**NATURE OF THE ACTION**

9.      This is a civil action for the infringement of the following patents by each of the Defendants:   United States Patent Nos. 8,039,009 ("the '009 patent"); 8,058,291 ("the '291 patent"); 8,338,485 ("the '485 patent"); 8,338,486 ("the '486 patent"); and 8,580,858, as corrected ("the '858 patent").   This action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**JURISDICTION AND VENUE**

10.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has specific personal jurisdiction over the Defendants by virtue of, *inter alia*, the fact that the Defendants intend to sell the proposed generic products at issue in this litigation in this judicial district upon receiving FDA approval.   Furthermore, Defendants have committed, or aided, abetted, induced, contributed to, and/or participated in the commission of, a tortious act of patent infringement that has led to foreseeable harm and injury to Plaintiffs in Delaware.   This Court has personal jurisdiction over the Defendants for the additional reasons set forth below and for other reasons that will be presented to the Court if such personal jurisdiction is challenged.

12.      This Court has personal jurisdiction over Defendant Apotex Corp. by virtue of, *inter alia*, the fact that Apotex Corp. is a Delaware corporation.

13.      This Court has personal jurisdiction over Defendant Apotex Inc. by virtue of, *inter alia*: (1) its presence in Delaware, including through its agent Defendant Apotex Corp.; and (2) its systematic and continuous contacts with Delaware, including through its agent Apotex Corp.  On information and belief, Apotex Inc. is amenable to litigating in this forum based on

Apotex Inc.'s conduct in multiple prior litigations in this District. In particular, Apotex Inc. did not contest jurisdiction in Civil Action No. 13-1613 (D.I. 8), Civil Action No. 13-1602 (D.I. 17), Civil Action No. 14-200 (D.I. 32), Civil Action No. 14-1453 (D.I. 93), Civil Action No. 15-880 (D.I. 15), Civil Action No. 15-1045 (D.I. 9), Civil Action No. 15-1058 (D.I. 13), Civil Action No. 16-269 (D.I. 8), and Civil Action No. 16-583 (D.I. 13).

14.    Venue is proper in this judicial district as to all Defendants pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

15.    On October 18, 2011, the '009 patent, titled "Modified Release Formulations Of Memantine Oral Dosage Forms," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). Since the issuance of the '009 patent, Forest Laboratories Holdings, Ltd. has been, and continues to be, the '009 patent's sole owner. A copy of the '009 patent is attached hereto as Exhibit A.

16.    On November 15, 2011, the '291 patent, titled "Methods And Compositions For The Treatment Of CNS-Related Conditions," was duly and legally issued by the USPTO. Since January 26, 2012, Adamas has been, and continues to be, the '291 patent's sole owner. Forest is the exclusive licensee of the '291 patent with respect to commercializing pharmaceutical products containing memantine in combination with donepezil in the United States. A copy of the '291 patent is attached hereto as Exhibit B.

17.    On December 25, 2012, the '485 patent, titled "Compositions For The Treatment of CNS-Related Conditions," was duly and legally issued by the USPTO. Since the issuance of the '485 patent, Adamas has been, and continues to be, the '485 patent's sole owner. Forest is the exclusive licensee of the '485 patent with respect to commercializing pharmaceutical

4

products containing memantine in combination with donepezil in the United States.  A copy of the '485 patent is attached hereto as Exhibit C.

18.    On December 25, 2012, the '486 patent, titled "Methods For The Treatment of CNS-Related Conditions," was duly and legally issued by the USPTO.  Since the issuance of the '486 patent, Adamas has been, and continues to be, the '486 patent's sole owner.  Forest is the exclusive licensee of the '486 patent with respect to commercializing pharmaceutical products containing memantine in combination with donepezil in the United States.  A copy of the '486 patent is attached hereto as Exhibit D.

19.    On November 12, 2013, the '858 patent, titled "Compositions For the Treatment Of CNS-Related Conditions," was duly and legally issued by the USPTO.  The USPTO issued a certificate of correction for the '858 patent on October 14, 2014.  Since the issuance of the '858 patent, Adamas has been, and continues to be, the '858 patent's sole owner.  Forest is the exclusive licensee of the '858 patent with respect to commercializing pharmaceutical products containing memantine in combination with donepezil in the United States.  A copy of the '858 patent, including its certificate of correction, is attached hereto as Exhibit E.

20.    Forest Laboratories, LLC holds New Drug Application ("NDA") 206439 for NAMZARIC® brand memantine hydrochloride extended-release and donepezil hydrochloride capsules. The '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent are all listed for NAMZARIC® in the United States Food and Drug Administration ("FDA") publication *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book").

21.    NAMZARIC® is manufactured by Forest Laboratories Ireland Ltd. for subsequent sale in the United States.

22.     Allergan USA, Inc. is the exclusive distributor of NAMZARIC® in the United States.

## ACTS GIVING RISE TO THIS ACTION

### Count I – Patent Infringement by Apotex

23.     Upon information and belief, on or before September 26, 2016, Apotex submitted ANDA No. 208512 to the FDA under § 505 of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  ANDA No. 208512 seeks FDA approval for the commercial manufacture, use, and sale of generic capsule products containing 28 milligrams of extended-release memantine hydrochloride and 10 milligrams of donepezil hydrochloride or 14 milligrams of extended-release memantine hydrochloride and 10 milligrams of donepezil hydrochloride as the active ingredients ("the Generic Products").  ANDA No. 208512 specifically seeks FDA approval to market the Generic Products prior to the expiration of, *inter alia*, the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent.

24.     Pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, ANDA No. 208512 alleges, *inter alia*, that the claims of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent are invalid and/or will not be infringed by the manufacture, use, or sale of the Generic Products.  Plaintiffs received written notification of ANDA No. 208512 and Apotex's § 505(j)(2)(A)(vii)(IV) allegations with respect to, *inter alia*, the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent on or about September 28, 2016.

25.     Plaintiffs received an additional written notification of an amendment to ANDA No. 208512 and Apotex's § 505(j)(2)(A)(vii)(IV) allegations with respect to, *inter alia*, the '009

patent, the '485 patent, the '486 patent, and the '858 patent no earlier than on or about September 28, 2016.

26. Apotex's submission of ANDA No. 208512 to the FDA, including its § 505(j)(2)(A)(vii)(IV) allegations, constitutes infringement of at least Claims 1, 2 and 21-23 of the '009 patent, Claims 3, 19, 20, 22, 37, 41, 48, 49, 50 and 53-57 of the '291 patent, Claims 1, 3, 9 and 11 of the '485 patent, Claims 1, 3, 7 and 9 of the '486 patent, and Claims 1, 2, 4 and 10 of the '858 patent, under 35 U.S.C. § 271(e)(2)(A).  Moreover, if Defendants commercially make, use, offer to sell, or sell within the United States, or import into the United States, the Generic Products, or induce or contribute to any such conduct, Defendants will further infringe these claims of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent under 35 U.S.C. § 271(a), (b), and/or (c).

27. Apotex has infringed these claims under 35 U.S.C. § 271(e)(2)(A), and will further infringe these claims under 35 U.S.C. § 271(a), (b), and/or (c) because the Generic Products and the methods of using the Generic Products, *e.g*., by doctors, pharmacists, healthcare providers and patients, according to the proposed package insert will meet each and every claim element of at least Claims 1, 2 and 21-23 of the '009 patent, Claims 3, 19, 20, 22, 37, 41, 48, 49, 50 and 53-57 of the '291 patent, Claims 1, 3, 9 and 11 of the '485 patent, Claims 1, 3, 7 and 9 of the '486 patent, and Claims 1, 2, 4 and 10 of the '858 patent, either literally or under the doctrine of equivalents.

28. Upon information and belief, each of Apotex Corp. and Apotex Inc. has participated in, contributed to, aided, abetted, and/or induced infringement of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent and/or will participate in, contribute to, aid, abet, and/or induce infringement of the '009 patent, the '291 patent, the '485

7

patent, the '486 patent, and the '858 patent once the Generic Products are commercially made, used, offered for sale, or sold in the United States, or imported into the United States. Each of Apotex Corp. and Apotex Inc. is jointly and severally liable for the infringement of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent.

29. Upon information and belief, Apotex has knowledge that if it were to receive approval from the FDA to market the Generic Products described in ANDA No. 208512 and made the Generic Products available for sale and/or use by others, *e.g.*, by doctors, pharmacists, healthcare providers and patients, during the proposed shelf life of the products before expiration of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent, such activities would result in the sale and/or use of a product especially made for an infringing use. Upon information and belief, Apotex has knowledge of such infringing use and also knows that the products described in ANDA No. 208512 are not a staple article or commodity of commerce suitable for substantial noninfringing use, but rather are especially made and/or adapted for use in the direct infringement of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent.

30. Upon information and belief, Apotex was aware of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent prior to filing ANDA No. 208512, including its § 505(j)(2)(A)(vii)(IV) allegations with respect to those patents. Upon information and belief, the proposed label for the Generic Products induces others, *e.g.*, doctors, pharmacists, healthcare providers and patients, to infringe the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent, and based on Apotex's § 505(j)(2)(A)(vii)(IV) allegations, Apotex possesses the specific intent to encourage others to infringe.

31.    On or about February 14, 2014, Forest and Adamas filed a Complaint for patent infringement against Apotex asserting infringement of the '009 patent, as well as additional patents assigned to Adamas, in connection with the 7, 14, 21, and 28 milligram dosage forms of a proposed generic version of Namenda XR® (memantine hydrochloride extended release capsules).  That patent infringement action was styled *Forest Laboratories, LLC, et al. v. Apotex Corp., et al.*, Civil Action 14-200-LPS (D. Del.) and was subsequently dismissed pursuant to a February 16, 2016 stipulation of the parties.  (*See* D.I. 222, Feb. 16, 2016 Stipulation and Order terminating case.)

32.    Defendants' actions render this an exceptional case under 35 U.S.C. § 285.

33.    Plaintiffs will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    That Defendants have infringed the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent;

B.    That, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of ANDA No. 208512 shall not be earlier than the expiration date of the last to expire of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent, including any extensions or exclusivities;

C.    That Apotex Corp., its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially making, using, offering to sell, or selling in the United States, or importing into the United States, the Generic Products, and any other product that infringes or

9

induces or contributes to the infringement of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

D.      That Apotex Inc., its officers, agents, servants, and employees, and those persons in active concert or participation with any of them, are preliminarily and permanently enjoined from commercially making, using, offering to sell, or selling in the United States, or importing into the United States, the Generic Products, and any other product that infringes or induces or contributes to the infringement of the '009 patent, the '291 patent, the '485 patent, the '486 patent, and the '858 patent, prior to the expiration date of the last to expire of those patents, including any extensions or exclusivities;

E.      That Plaintiffs be awarded monetary relief if Defendants commercially make, use, offer to sell, or sell in the United States, or import into the United States, the Generic Products, or any other product that infringes or induces or contributes to the infringement of the '009 patent, '291 patent, the '485 patent, the '486 patent, and the '858 patent, prior to the expiration of the last to expire of those patents, including any extensions or exclusivities, and that such monetary relief be awarded to Plaintiffs with prejudgment interest;

F.      That Plaintiffs be awarded the attorney fees, costs, and expenses that they incur prosecuting this action under 35 U.S.C. § 285; and

G.      That Plaintiffs be awarded such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Peter J. Armenio, P.C.
Robert B. Wilson
Anne S. Toker
Krista M. Rycroft
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY  10010
(212) 849-7000

*Attorneys for Plaintiffs*

Bruce M. Wexler
Jason T. Christiansen
Jennifer T. Nguyen
Paul Hastings LLP
200 Park Avenue
New York, NY  10166
(212) 318-6000

*Attorneys for Plaintiff Adamas
Pharmaceuticals, Inc.*

November 10, 2016

11